THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABRAHAM SUDEROV and Another, Appellants.

First Department, March 4, 1927.

Crimes — violation of Penal Law, § 445, in reference to marking article of merchandise made of platinum — bracelet was marked " Plat. Top-18K."— top of bracelet was platinum of required fineness — remainder was of white gold which closely resembles platinum — marking violated statute.

The defendants were properly convicted of a violation of section 445 of the Penal Law which prohibits any person from selling any article of merchandise composed wholely or in part of any metal, with the word " platinum " or any abbreviation, etc., stamped or printed thereon, unless said article is made of platinum of a specified fineness stated in the statute. It appears that a bracelet was offered for sale by one of the defendants which was marked and stamped " Plat. Top-18K." and that the bracelet, while its top was composed of platinum of the required fineness, was almost wholly made of white gold which closely resembles platinum. The marking stated does not clearly show, as required by the statute, that the top only was platinum and that the body of the bracelet was white gold.

APPEAL by the defendants, Abraham Suderov and another, from a judgment of the Court of Special Sessions of the City of New York, rendered on the 29th day of April, 1925, convicting them of violation of section 445 of the Penal Law.

*William Solomon* of counsel [*Jasie & Solomon*, attorneys], for the appellants.

*Edwin B. McGuire, Deputy Assistant District Attorney*, of counsel [*Joab H. Banton, District Attorney*], for the respondent.

*Newman Levy* of counsel [*Morris L. Ernst* with him on the brief; *Greenbaum, Wolff & Ernst*, attorneys], for The National Jewelers Board of Trade and The Jewelry Crafts Association, Inc., *amici curiæ*.

FINCH, J. The question presented for decision by this appeal is whether the defendants are guilty of unlawfully marking an article made of platinum in violation of section 445 of the Penal Law. Section 445 of the Penal Law reads as follows:

" § 445. Marking of articles of merchandise made of platinum. Any person, firm, corporation or association or any member, officer, employee or agent thereof, who makes, sells or offers to

sell or dispose of, or has in his or its possession with intent to sell or dispose of, any article of merchandise, composed wholly or in part of any metal, with the word ' platinum ' or any abbreviation, contraction or colorable imitation of said word ' platinum,' marked, stamped or printed thereon, or on any box, package, cover or inclosure, or on any tag, card, label, bill, statement, invoice or paper attached to or used in connection with or referring to said article, unless nine hundred twenty-five one thousands of the component parts of the metal appearing or purporting to be platinum, of which said article consists, are of either the pure metal and element platinum, alone or in conjunction with iridium, osmium, palladium, rhodium and ruthenium or these metals in combination, is guilty of a misdemeanor."   (Added by Laws of 1920, chap. 245, in effect Sept. 1, 1920.)

The case was submitted to the Court of Special Sessions on a conceded statement of facts.   The defendant Abraham Suderov, a dealer in jewelry, duly sold a bracelet which was marked and stamped " Plat. Top-18K."   The gold in the bracelet was " white gold " and white gold has the color and appearance of platinum. It is further conceded that the term " Plat." is an abbreviation of the word " platinum," and that " 18K." is an abbreviation of " 18 Karat," and that " 18K." is applied exclusively to the marking of gold.   The top of the bracelet was platinum of the required fineness and the bottom was eighteen karat gold and other metals. The percentage of platinum in the bracelet, in so far as the portion composed of platinum is concerned, was in accordance with the above quoted provisions of law, but when that amount of platinum was taken in connection with the entire bracelet, it was far below that prescribed by the statute.   It appears that the article of jewelry sold, upon being assayed, showed approximately one per cent platinum and ninety-nine per cent gold.

The appellants urge the economic consequences of the case in the event of an affirmance of the judgment of conviction, claiming it would deprive those who cannot afford the possession of jewelry composed entirely of platinum, but who nevertheless desire to possess an article having the appearance of platinum, from so doing. But this aspect is not involved at all, since there is no prohibition against the manufacture or sale of platinum and white gold jewelry. The prohibition is merely against misrepresentation ·in marking. If the marks complained against were left off, the jewelry would still be an ornament.   A deceptive mark placed upon an article of jewelry enhances the market value of the article over its real worth in direct ratio to the deceptiveness of the mark.   The whole question, therefore, is one of the marking and whether this is

within the prohibition of the statute. The question may further be narrowed by assuming for the purposes of the argument that the statute only prohibits the mismarking of an article as "platinum" which purports to be wholly platinum and does not prohibit an article which is made of platinum and gold from being marked as made of platinum and gold. Does the marking in question fairly represent to a purchaser that the top of the article is made of the finest platinum and the rest of the article of platinum, or does it represent that this article is made of platinum and gold, leaving it ambiguous as to where the platinum ends and the gold begins? If the former, the act is within the condemnation of the statute. While it is conceded that the mark " 18K " is used exclusively for gold marking, the term is generally understood as denoting gold of superior fineness. When the mark " 18K " is placed upon metal which, by looks and label, does not purport to be anything but platinum, this mark most naturally would denote to a purchaser that the article was composed entirely of platinum with a platinum top of extra fineness. We thus have an article appearing physically to be platinum and so marked as to purport also to be of platinum, when indeed it contains but a very small percentage of that metal. The marking is thus within the prohibition of the wording of the statute. Clearly it is within its intention and purpose, which is to protect the buying public and to prevent the disuse of jewelry ornamentation because of fake imitations. The best interests of the buying public and the stable jewelry merchants are thus here united.

The judgment appealed from should be affirmed.

DOWLING, P. J., MERRELL, MCAVOY and PROSKAUER, JJ., concur.

Judgment affirmed.